UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| GINA MANHART, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MADISON MEMORIAL HOSPITAL, a hospital owned and operated by Madison County, Idaho,<br><br>　　　　Defendant. | Case No.: 4:11-cv-00265-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION FOR ATTORNEY FEES**<br><br>**(Docket No. 33)** |

Now pending before the Court is Defendant's Motion for Attorney Fees (Docket No. 33). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. BACKGROUND

Plaintiff Gina Manhart ("Manhart") worked at Defendant Madison Memorial Hospital ("Madison Memorial") as a nurse from September 2003 until she voluntarily resigned in May 2007. This lawsuit relates to her unsuccessful attempt to be re-hired in 2009.

Manhart claimed that on or around November 2, 2009, the North Fork Surgery Center (then in the process of being acquired by Madison Memorial) asked if she was interested in working there as a nurse. Manhart claimed she contacted Madison Memorial to follow up on the offer and learned that a "no re-hire" notation had been placed in her personnel file based on excessive absenteeism while pregnant during her previous employment with Madison Memorial. Manhart did not get the job. She claimed that "[t]he decision to place her on the "no re-hire" status was clearly related to her pregnancies as was the decision to not hire her for the vacant position in contravention of State and Federal law."

**MEMORANDUM DECISION AND ORDER - 1**

Manhart sued Madison Memorial, asserting the following causes of action: (1) gender discrimination in violation of Title VII of the Civil Rights Act; (2) gender discrimination in violation of the Idaho Human Rights Act; (3) retaliation in violation of Title VII of the Civil Rights Act; (4) retaliation in violation of the Idaho Human Rights Act; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress.

On January 24, 2012, this Court granted, in part, Madison Memorial's first motion for summary judgment and dismissed Manhart's state law gender discrimination and retaliation claims.[1] Through a second motion for summary judgment, Madison Memorial sought to dismiss Manhart's remaining claims. On March 14, 2013, this Court granted Madison Memorial's second motion for summary judgment and dismissed Manhart's federal gender discrimination and retaliation claims, as well as her intentional and negligent infliction of emotional distress claims. A Judgment followed on March 19, 2013, dismissing Manhart's claims with prejudice.

On March 27, 2013, Madison Memorial filed a Bill of Costs (Docket No. 32) and the at-issue Motion for Attorney Fees (Docket No. 33). Manhart opposes Madison Memorial's Motion for Attorney Fees (Docket No. 34).[2]

---

[1] The undersigned denied Madison Memorial's first motion for summary judgment as to (1) Manhart's gender discrimination and retaliation claims under Title VII of the Civil Rights Act, finding that Manhart complied with the filing requirement of 42 U.S.C. § 2000e-5(f)(1); and (2) Manhart's intentional and/or negligent infliction of emotional distress claims, finding that there is no tie to the dismissed state law gender discrimination and retaliation claims that requires dismissal. *See* 1/24/12 Order, p. 2 (Docket No. 21).

[2] Manhart's opposition does not speak to Madison Memorial's Bill of Costs, except to say in its last sentence: "The Defendant's motion for fees *and costs* should be denied." *See* Opp., p. 5 (Docket No. 34) (emphasis added). Manhart offers no separate argument for denying Madison Memorial's recovery of its costs under FRCP 54(d)(1) and Local Civil Rule 54.1. Madison Memorial seeks $446.25 in transcript costs and $176.88 in attorney travel costs, the latter of which are not recoverable. Therefore, to the extent necessary, Madison Memorial is entitled to recover from Manhart $446.25 in costs.

**MEMORANDUM DECISION AND ORDER - 2**

## II. DISCUSSION

Madison Memorial seeks attorney fees under 42 U.S.C. § 200e-5(k) and I.C. § 12-121. Both statutes vest in district courts the discretion to award a prevailing defendant a reasonable attorney fee upon finding that the plaintiff's action was "frivolous, unreasonable, or without foundation." *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Hoagland v. Ada Cnty.*, 303 P.3d 587, 603 (Idaho 2013). With this standard in mind, Madison Memorial argues that it is entitled to its attorney fees as the prevailing party on Manhart's Title VII claims and state law claims.

### A.    Manhart's Title VII Claims

#### 1.    Gender Discrimination

Under the familiar burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff alleging disparate treatment under Title VII must first establish a prima facie case of discrimination by offering evidence that "give[s] rise to an inference of unlawful discrimination." *E.E.O.C. v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). A prima facie case may be established either by (1) providing direct evidence suggesting that the employment decision was terminated based on an impermissible criterion, or (2) the four-part test laid out in *McDonnell Douglas*.

To establish a prima facie case of gender discrimination under the *McDonnell Douglas* framework, a plaintiff must show that (1) she belongs to a protected class, (2) she was qualified for the position, (3) she was subjected to an adverse employment action, and (4) she was replaced by someone outside the protected class or that similarly-situated individuals outside of

her protected class received more favorable treatment. *See, e.g.*, *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002).

Once a prima facie case has been made, "[t]he burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Chuang v. Univ. of Cal. Davis*, 225 F.3d 115, 1123-24 (9th Cir. 2000). If the employer provides such a reason, the plaintiff must show that the articulated reason is pretextual "either directly by persuading the [fact-finder] that a discriminatory reason more likely motivated the employer[,] or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 350 U.S. at 256. When the evidence is direct, "'[w]e require very little evidence to survive summary judgment' in a discrimination case." *Lam v. University of Hawaii*, 40 F.3d 1551, 1564 (9th Cir. 1994) (quoting *Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1111 (9th Cir. 1991)). "But when the plaintiff relies on circumstantial evidence, that evidence must be specific and substantial to defeat the employer's motion for summary judgment." *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1095 (9th Cir. 2005).

Here, this Court determined that Manhart's allegations established a prima facie case for gender discrimination:

> As to the discrete issue of Manhart's ability to establish a prima facie case of gender discrimination, as a woman, she belongs to a protected class. Further, there is no evidence in the record that Manhart was unqualified to be a nurse. In both, (1) being designated as a "no re-hire" and (2) not being hired in 2009, Plaintiff was arguably subject to at least two adverse employment actions. To the extent these actions were taken against Manhart but not other similarly-situated individuals outside of her protected class, it can be argued that such other individuals were treated more favorably. *But see supra* at n.2. Considering all reasonable inferences in Manhart's favor, these factors combine to establish a prima facie case for gender discrimination.

*See* MDO, p. 6 (Docket No. 30) (footnote omitted). However, Manhart was ultimately unable to show that Madison Memorial's legitimate and non-discriminatory justifications for not re-hiring

**MEMORANDUM DECISION AND ORDER - 4**

her were pretextual. *See id*. at pp. 7-9. ("Therefore, aside from obliquely disputing Madison Memorial's reasons for not hiring her, [Manhart] has failed to introduce any persuasive, material evidence from which a reasonable jury could conclude that Madison Memorial undertook the challenged employment action due to her gender. Simply put, her legal claim of gender discrimination requires more. Otherwise, any adverse employment action would necessarily amount to pretext. The law does not support such a conclusion and the undersigned declines any invitation to hold differently here."). Madison Memorial points to theses findings in support of its argument in favor of recovering attorney fees. *See* Mem. in Supp. of Mot. for Atty. Fees, pp. 3-4 (Docket No. 33, Att. 1) ("[T]he Court should find that [Manhart's] failure to present any evidence to meet her burden to establish a genuine issue of fact for trial on 'pretext' demonstrates that [Manhart] pursued this matter unreasonably and without foundation.").

     The Court is not so persuaded. It is true that Manhart was unable to support her gender discrimination claim when contrasted against Madison Memorial's retort and tested against the above-referenced *McDonnell Douglas* framework. However, this is not a case where Manhart's claim was so obviously doomed from the beginning that its pursuit was objectively frivolous, unreasonable, and/or without foundation. To be sure, Manhart initially established a prima facie case of gender discrimination and, later, argued that Madison Memorial's decision not to re-hire her was indeed pretextual as evidenced by a secretly-recorded conversation she had with her supervisor. That those arguments were rejected by this Court does not mean that her underlying claim was frivolous, but only unsupported by law, based upon the then-existing facts in the record. A contrary ruling would be tantamount to a rule that a plaintiff bringing a gender discrimination claim is on the hook for the defendant's attorney fees if she cannot survive a

**MEMORANDUM DECISION AND ORDER - 5**

motion for summary judgment. The analysis is (as it should be) more nuanced than that to ensure that vigorous enforcement of Title VII is not stymied. In short, the requisite "exceptional circumstances" do not exist to warrant the recovery of Madison Memorial's attorney fees relating to Manhart's gender discrimination claim. *See See Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 968 (9th Cir. 2011) ("Our laws encourage individuals to seek relief for violations of their civil rights, and allow a defendant to recover fees and costs from a plaintiff in a civil rights case only 'in exceptional circumstances' in which the plaintiff's claims are 'frivolous, unreasonable or without foundation.'").

    2.    <u>Retaliation</u>

To establish subject matter jurisdiction in a suit under Title VII, a claimant must exhaust remedies "by filing a timely charge with the [Equal Employment Opportunity Commission] [("EEOC")]." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2004) (citing 42 U.S.C. § 2000e-5(b); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002)). Under Title VII, the charges must be "in writing under oath or affirmation." 42 U.S.C. § 2000e-5(b). The purpose of this requirement is to allow the agency an opportunity to investigate the charge(s) against it. *See Vasquez*, 349 F.3d at 644 (citing *B.K.B.*, 276 F.3d at 1100). Accordingly, "[s]ubject matter jurisdiction extends to all claims of discrimination that fall within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge." *Id*. Through its second motion for summary judgment, Madison Memorial argued that Manhart's retaliation claim should be dismissed because Manhart failed to exhaust her administrative remedies. The Court agreed.

**MEMORANDUM DECISION AND ORDER - 6**

As pointed out in the Memorandum Decision and Order, within Manhart's March 5, 2010 "Charge of Discrimination" with the EEOC, she indicated (by checking a box on the form) that the "[c]ause [o]f [d]iscrimination" was based on (1) "sex" and (2) "other."  Manhart did not indicate (by likewise checking the "retaliation" box on the form) that her claim was premised upon retaliation theories.  Manhart reasoned that any failure to check the applicable "retaliation" box was immaterial when considering that she described a retaliation claim within the attached March 3, 2010 letter to the Idaho Human Rights Commission ("IHRC").  Yet, the Court's review of Manhart's March 3, 2010 letter revealed that no retaliation claim was alleged, other than the already-discussed, underlying gender discrimination claim.

Madison Memorial now argues that "[Manhart's] filing of a retaliation cause of action knowing that this claim had not been raised at the EEOC stage of proceedings coupled with her complete failure to produce any legal basis to support the filing represents a frivolous, unreasonable, and unfounded pleading."  *See* Mem. in Supp. of Mot. for Atty. Fees, p. 5 (Docket No. 33, Att. 1).  Except that such shortcomings, in and of themselves, do not justify an order requiring Manhart to account for Madison Memorial's attorney fees.  Manhart, acting on her on behalf at the time she submitted charges to the EEOC, very well *thought* she was adequately identifying a retaliation claim – by either selecting the "other" box, describing her claims in a separate letter, or through some other heretofore unidentified method/reason.  The fact that such conduct was rejected at the summary judgment stage only means that it did not amount to an exhaustion of administrative remedies, not that her claim was bogus to begin with.  Additionally, it must be remembered that Manhart's claims were fundamentally grounded in Madison Memorial's alleged discrimination; any shortcomings vis à vis her retaliation claim does not taint the rest of her since-dismissed case.

**MEMORANDUM DECISION AND ORDER - 7**

**B.	Manhart's State Claims**

    1.	Gender Discrimination and Retaliation

Under the Idaho Human Rights Act, "any person who believes he or she has been subject to unlawful discrimination . . . may file a complaint under oath with the commission stating the facts concerning the alleged discrimination within (1) year of the alleged unlawful discrimination." I.C. § 67-5907(1). "A complaint must be filed with the commission as a condition precedent to litigation. A complainant may file a civil action in district court within ninety (90) days of issuance of the notice of administrative dismissal pursuant to section 67-5907(6), Idaho Code." I.C. § 67-5908(2).

Here, Manhart did not bring this action within 90 days of receiving her notice of right to sue and, as a result, her state law gender discrimination and retaliation claims were dismissed. Whatever procedural impediments existed to foreclose Manhart's state discrimination/retaliation claims (as significant as they may be to Manhart's "day in court") do not operate to likewise render those claims as clearly without a factual basis. In other words, legally, Manhart's state law gender discrimination and retaliation claims may have ran contrary to Idaho's statutory law; they were not, however, frivolous or unreasonable to the extent required to support a fee award to Madison Memorial.

    2.	Intentional Infliction and Negligent Infliction of Emotional Distress

The Idaho Tort Claims Act ("ITCA") generally permits claims against government entities "for money damages arising out of its negligent or otherwise wrongful acts or omissions and those of its employees . . . ." I.C. § 6-903. However, before proceeding with such an action, the ITCA requires that "[a]ll claims against a political subdivision arising under the provisions of

**MEMORANDUM DECISION AND ORDER - 8**

this act and all claims against an employee of a political subdivision . . . shall be presented to and filed with the clerk or secretary of the political subdivision." I.C. § 6-906.

Here, Manhart did not provide the requisite notice pursuant to the ITCA relative to her intentional infliction and negligent infliction of emotional distress claims against Madison Memorial (an entity which is owned and operated by Madison County and, therefore, a "political subdivision" under the ITCA). However, again, Manhart's falling short of this procedural requirement – in essence, a jurisdictional defect – does not mean that these claims are so groundless as to support an attorney fees award in favor of Madison Memorial.

### III.  ORDER

For the foregoing reasons, Defendant's Motion for Attorney Fees (Docket No. 33) is DENIED. However, Defendant is entitled to recover from Manhart $446.25 in costs.

DATED:  **February 19, 2014**

*/s/ Ronald E. Bush*

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**